Brian J. Stretch, SBN 163973
bstretch@sidley.com
Naomi Igra, SBN 269095
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Jesse Bless (*pro hac vice*)
jbless@aila.org
AMERICAN IMMIGRATION LAWYERS ASSOCIATION
1301 G Street, Suite 300
Washington, D.C. 20005

Samina M. Bharmal (*pro hac vice*)
sbharmal@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: +1 202 736 8000
Facsimile +1 202 736 8711

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IMMIGRANT LEGAL RESOURCE CENTER; EAST BAY SANCTUARY COVENANT; COALITION FOR HUMANE IMMIGRANT RIGHTS; CATHOLIC LEGAL IMMIGRATION NETWORK, INC.; INTERNATIONAL RESCUE COMMITTEE; ONEAMERICA; ASIAN COUNSELING AND REFERRAL SERVICE; ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, *under the title of Acting Secretary of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; KENNETH T. CUCCINELLI, *under the title of Senior Official Performing the Duties of the Deputy Secretary of Homeland Security*; U.S. CITIZENSHIP & IMMIGRATION SERVICES<br><br>Defendants. | Case No. 4:20-cv-05883-JSW<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Assigned to Hon. Jeffrey S. White<br><br>Date:  September 25, 2020<br>Time:  9:00 a.m.<br>Courtroom:  5, 2nd Floor<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

Defendants' response to *amici curiae*, ECF No. 75 ("Amicus Response"), appended ten exhibits comprising more than 100 pages of material relating to the validity of Defendant Chad Wolf's service as Acting Secretary of the Department of Homeland Security ("DHS"), as well as that of his predecessor, Kevin McAleenan. None of these documents were included in the Administrative Record ("AR") produced to Plaintiffs on September 9, 2020. Plaintiffs determined that Defendants previously filed these ten documents, along with the three others, in a proceeding in New York federal court, *Batalla Vidal v. Wolf*.[1] Plaintiffs submitted to this Court the three additional documents that Defendants filed in *Batalla Vidal* but did not file in this action. *See* ECF No. 77. Taken together, these 13 documents support Plaintiffs' position that neither Mr. McAleenan nor Mr. Wolf acted with authority in proposing and releasing the rule at issue here. *See* 85 Fed. Reg. 46,788 (Aug. 3, 2020) ("Final Rule"). They also confirm that the AR produced to Plaintiffs is incomplete, that extra-record discovery may be warranted, and that Defendants may have failed to consider these appointments issues during the rulemaking. Ultimately, APA violations cannot be cured by "post-hoc justifications," *Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490 (1981), so nothing in Defendants' additional submissions repair the Final Rule's fatal defects. Instead, the documents confirm that Plaintiffs have at least raised serious questions going to the merits of their APA claims.

# ARGUMENT

**I.     The Documents at Issue Support Plaintiffs' APA Claims.**

Defendants' submission of more than 100 pages of material responding to *amici* supports Plaintiffs' APA claims in several respects.

First, Exhibit 1 to Defendants' Amicus Response, ECF No. 75-2, shows that Defendants are seeking to rectify the Final Rule's problems with "improper post-hoc rationalizations" that "cannot serve as a sufficient predicate for agency action." *Am. Textile*, 452 U.S. at 539. Exhibit 1 is an order dated September 10, 2010, in which FEMA Administrator Peter Gaynor purports to simultaneously designate

---

[1] *See* Defs.' Resp. to Pls.' Local Civil Rule 56.1 Statement, *Batalla Vidal v. Wolf*, No. 1:16-cv-04756 (E.D.N.Y. Sept. 11, 2020), ECF No. 324. *Batalla Vidal*, like this case, raises a challenge to the validity of Mr. Wolf's assumption of the role of Acting Secretary of DHS. *See* Fourth Am. Compl. ¶¶ 192-210, *Batalla Vidal*, ECF No. 308.

1

a new order of succession under the HSA and terminate his own authority ("Gaynor Order"). The future effect of the Gaynor Order is unclear at best; Mr. Gaynor purports to designate an order of succession pursuant to 6 U.S.C. § 113(g)(2), which permits the "Secretary" (without reference to an Acting Secretary) to designate succession in the event of a vacancy. It is not clear what action Mr. Gaynor took that created a "vacancy," who succeeded him in that moment, and whether Defendants have complied with the "notification of vacancies" provision in 6 U.S.C. § 113(g)(3).[2] In light of the piecemeal way Defendants have submitted documents from outside the AR to defend this action, it is unclear whether Plaintiffs and the Court now have all the documents necessary to interpret the Gaynor Order. Defendants' belated submission of some, but not all documents relevant to Plaintiffs' claims confirms that DHS is not "turn[ing] square corners in dealing with the people" on this issue. *DHS v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1909 (2020).

In any event, the Gaynor Order confirms that Plaintiffs' challenge to the authority of Messrs. McAleenan and Wolf raises "serious questions" going to the merits of Plaintiffs' APA claims. *See, e.g.*, *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 1001 (9th Cir. 2019) (granting a preliminary injunction based on "serious questions" on the merits). However the Gaynor Order may operate, it does not negate Plaintiffs' argument that at the time Defendants proposed and issued the Final Rule, they did so absent lawful authority in violation of the APA. *See* Comp. ¶¶ 318-29; Mot. 4-6.[3]

Second, Exhibits 2 and 3 appear to be the same documents Defendants submitted in this proceeding on September 11 as "pertinent to the legal analysis of Plaintiffs' claims under the Administrative Procedure Act that allege violations of the Federal Vacancies Reform Act, the Homeland

---

[2] The notice of vacancies provision at 6 U.S.C. § 113(g)(3) expressly cross-references FVRA sections 3345 through 3349, confirming the HSA does not displace any of those sections of the FVRA. This is consistent with Plaintiffs' statutory interpretation that an official who fills a vacancy under the HSA is an official "described at section 3345." *See* Mot. 4-6; Reply 1-7. Because Section 3345 applies alongside the HSA, Section 3345(b)(1)(B) prohibits service of an acting secretary whose nomination has been sent to the Senate.

[3] After this Court granted supplemental briefing on the 13 documents at issue in this brief, ECF No. 78 ("Order"), Defendants submitted an additional document in which Mr. Wolf purports to ratify his own actions. ECF 80-1. Plaintiffs read the Court's Order as permitting supplemental briefing limited to the 13 documents addressed in Plaintiffs' Motion for Supplemental Briefing. ECF No. 77. Plaintiffs therefore refrain from arguing against the validity of ECF No. 80-1 but assert that they do not believe it negates any of their claims. If the Court would like supplemental briefing on ECF No. 80-1, Plaintiffs will be glad to provide it. To the extent Defendants may seek to argue the validity of ECF No. 80-1 in any filing permitted by the Court's Order, Plaintiffs ask the Court to strike their argument as outside the scope of the Order.

1  Security Act, and the Appointments Clause." ECF Nos. 69, 69-1, 69-2. Plaintiffs explained in their reply
2  brief how these two documents support their claims. Reply 1-7. At that time, Defendants identified only
3  these documents as "pertinent," but they apparently took a broader view by the time they responded to
4  *amici* four days later. In all events, Exhibit 3 is the latest version of Exhibits 5 and 8. The earlier versions
5  do not cast doubt on the arguments in Plaintiffs' reply; on the contrary, the GAO considered Exhibit 5
6  in concluding that Mr. Wolf was unlawfully appointed. *See* ECF No. 27-2 Ex. 1, at 5 n.7. To the extent
7  these other versions of Exhibit 3 are relevant, they demonstrate that Defendants failed to include
8  documents *they* believe are pertinent in the AR. This suggests Defendants did not seriously "consider an
9  important aspect of the problem," *Motor Vehicle Mfrs. Ass'n State Farm*, 463 U.S. 29, 43 (1983), of the
10 Final Rule—whether it was proposed and issued pursuant to valid authority—at the time of the
11 rulemaking. Again, Defendants' "post hoc justifications," *Am. Textile*, 452 U.S. at 539, only confirm the
12 inadequacy and arbitrariness of the rulemaking process.

13       Third, Defendants' Exhibit 7 confirms Plaintiffs' allegations that Mr. Wolf purported to assume
14 the role of Acting DHS Secretary on November 13, 2019 without valid authority. *See* Compl. ¶¶ 249-50,
15 258; Mot. 5-6. Plaintiffs alleged that on November 8, 2019, Mr. McAleenan purported to amend
16 Delegation No. 00106 to change the applicable order of succession in the event of a resignation, as a
17 result of which Mr. Wolf assumed the role of Acting DHS Secretary after Mr. McAleenan resigned (the
18 "November Amendment"). *See* Compl. ¶ 249; Mot. 5-6. Exhibit 7 is the November Amendment
19 Plaintiffs alleged. ECF No. 75-2, Ex. 7. As Plaintiffs explained, Mr. McAleenan had no lawful authority
20 to make such an amendment. And the November Amendment was issued well after the 210-day limit
21 for acting officials under the FVRA, so the order had "no force or effect." 5 U.S.C. § 3348(d)(1); Compl.
22 ¶¶ 258-59; Mot. 5-6. As a result, Mr. Wolf had no authority to assume the role of Acting DHS Secretary
23 pursuant to that invalid order. The November Amendment confirms that Mr. Wolf lacked valid
24 authority at the time the Final Rule issued.

25       It is significant and perplexing that Defendants chose *not* to submit three relevant documents to
26 this Court which they filed in the *Battala Vidal* matter. These three documents consist of FVRA
27 submissions from DHS's Associate General Counsel to the President of the Senate. ECF No. 77. In
28 each document, DHS's Associate General Counsel states, "I submit the attached form for a *notice of*

*vacancy and designation of an acting officer* for a position covered by the Federal Vacancies Reform Act of 1998." *Id.* (emphasis in original).[4] The letters announce the designation of Claire M. Grady as acting deputy DHS secretary on April 15, 2018 (ECF No. 77-3); of Charles H. Fulghum as Acting Under Secretary for Management on April 11, 2019 (ECF No. 77-4); and of Mr. McAleenan as acting DHS secretary on April 11, 2019 (ECF No. 77-5).

These documents undercut Defendants' assertion that the FVRA did not apply and placed no time limits on Mr. McAleenan's or Mr. Wolf's purported tenures. The FVRA requires submission of a "notification of a vacancy in an office to which this section *and* sections 3345, 3346, 3347, 3348, 3349a, 3349b, 3349c, and 3349d apply." 5 U.S.C. § 3349(a)(1) (emphasis added). Submitting such notifications in connection with the designation of various DHS acting officers reflects DHS's determination that those designations are governed by the FVRA, and that various FVRA sections (including 3346, the 210-day time limit) apply.[5] These documents thus support Plaintiffs' argument that the FVRA's 210-day limit expired before Mr. McAleenan issued the November Order, and before the Proposed and Final Rule at issue here were published. Compl. ¶¶ 252, 258; Mot. 5; Reply 3-7. Indeed, *nobody* had the authority to occupy the DHS secretary's office once the 210-day period closed.

Taken together, Defendants' documents demonstrate that the AR is incomplete and that Defendants themselves have not consistently followed the interpretation on which they now rely. The documents' absence from the AR confirms that DHS failed to consider relevant evidence during the rulemaking processes despite numerous comments pointing out the invalid authority of Messrs. McAleenan and Wolf. And because Defendants' post hoc justifications cannot cure these problems with the rulemaking process, Plaintiffs are likely to succeed on the merits of their claims that the proposed rule was unlawfully issued.

---

[4] The precise wording differs slightly across the documents; the substance does not.
[5] The documents, titled "Submissions Under the Federal Vacancies Reform Act" all include a field labeled "Authority for Acting Designation if Other Than Vacancies Act." In the case of the submission with respect to Mr. McAleenan, this field is populated with the text "6 U.S.C. § 113(g)(2)"; however, as Plaintiffs have explained previously, 6 U.S.C. § 113(g)(2) (the HSA provision allowing the Secretary to designate orders of succession for the position of Acting Secretary) is not inconsistent with, and should be read in conjunction with, the FVRA. *See, e.g.*, Reply 3-6.

4
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION - CASE NO. 4:20-CV-05883-JSW

**II. The Additional Documents Are Relevant to the Issues Before This Court and All But One Should Have Been Submitted as Part of the Administrative Record.**

On September 9, 2020, Defendants sent a purported AR to Plaintiffs that did not contain any of the 13 documents at issue. All of these documents should have been part of the AR, with the exception of ECF No. 75-2 Ex. 1, which post-dates the Final Rule. A court reviewing agency action pursuant to the APA "shall review the *whole* record." 5 U.S.C. § 706 (emphasis added). The agency, however, does not have final say on what constitute the "whole record," and a court may inquire into whether the agency has appropriately produced the "whole record." *See, e.g.*, *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) ("The whole administrative record . . . 'is not necessarily those documents that the agency has compiled and submitted as 'the' administrative record.'" (citation omitted)). "The 'whole' administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position.'" *Id.*

The Final Rule's text clearly shows that each document at issue was considered, "directly or indirectly," by DHS in evaluating and responding to comments.[6] For example, the Final Rule observes that "[t]he commenters detailed the required line of succession required by Executive Order 13753 after the departure of Secretary Nielsen, which according to the commenters should not have led to Mr. McAleenan." 85 Fed. Reg. at 46,804. Moreover, the Final Rule explicitly references the April and November Orders. *Id.* To analyze those challenges, DHS would have needed to consider these documents at least "indirectly," and Defendants should have included them in the AR here. *See Thompson*, 885 F.2d at 555; *see also Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 79 (D.D.C. 2018) ("If a document was substantively cited, the [agency] clearly considered that document. . . . As such, these documents were before the [agency] and belong in the administrative record."). Nor can this Court assume that these are all the documents relevant to Plaintiffs' claims related to the invalid actions taken by Messrs. McAleenan and Wolf; extra-record discovery may be necessary to determine whether other relevant documents remain unproduced.

---

[6] It would be arbitrary and capricious for DHS to respond to the challenges to Mr. Wolf's authority raised in the public comments without consulting these documents. *See Or. Nat. Desert Ass'n v. USFS*, 957 F.3d 1024, 1033 (9th Cir. 2020) (arbitrary and capricious if agency "entirely failed to consider an important aspect of the problem" (citation omitted)).

Dated: September 21, 2020.

Respectfully submitted,

*/s/ Brian J. Stretch*

Jesse Bless (*pro hac vice*)
jbless@aila.org
AMERICAN IMMIGRATION LAWYERS ASSOCIATION
1301 G Street, Suite 300
Washington, D.C. 20005

Brian J. Stretch, SBN 163973
bstretch@sidley.com
Naomi Igra, SBN 269095
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Samina M. Bharmal (*pro hac vice*)
sbharmal@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

*Attorneys for Plaintiffs*