JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
JULIE STRAUS HARRIS (DC Bar No. 1021928)
Senior Trial Counsel
BRADLEY CRAIGMYLE (IL Bar No. 6326760)
CHARLES E.T. ROBERTS (PA Bar No. 326539)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Phone: (202) 353-7633
Fax: (202) 616-8470
Email: julie.strausharris@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IMMIGRANT LEGAL RESOURCE CENTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, *et al.*,<br><br>Defendants. | Case No. 4:20-cv-5883-JSW<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING NOTICE OF RATIFICATION, ECF NO. 80**<br><br>Judge: Honorable Jeffrey S. White<br>Hearing: September 25, 2020 at 9:00 a.m. |

On September 18, 2020, Defendants notified the Court that Acting Secretary of Homeland Security Chad Wolf had ratified the challenged Proposed Rule and Final Rule. *See* Defs.' Notice of Ratification & Legal Authority (Defs.' Not.), ECF No. 80. An agency head's "valid appointment, coupled with … ratification, cures any initial" service-related deficiencies in a challenged action. *See CFPB v. Gordon*, 819 F.3d 1179, 1190-92 (9th Cir. 2016); *see also* Defs.' Not. The Court need not reach this issue–Mr. McAleenan and Mr. Wolf both lawfully served under the Homeland Security Act (HSA) when they took the challenged actions (*see* Defs.' Opp'n to Mot. for Prelim. Inj. 3-5, ECF No. 49; Defs.' Resp. to the Briefs of *Amici Curiae* (Defs.' Resp. to *Amici*) 2-13, ECF No. 75). But the ratification provides an alternate basis for rejecting Plaintiffs' service-related claims.

## I. Under Plaintiffs' Own Theory, Mr. Wolf Became Acting Secretary on September 10, 2020.

On September 10, 2020, the President submitted Mr. Wolf's nomination to serve as Secretary of Homeland Security to the Senate. The Federal Vacancies Reform Act (FVRA) imposes an initial 210-day limit on acting service under the FVRA, but "once a first … nomination for the office is submitted to the Senate," an acting official may serve "for the period that the nomination is pending." *Id.* § 3346(a)(1)-(2). Under Plaintiffs' theory, because Ms. Nielsen never set an order of succession under 6 U.S.C. § 113(g)(2) applicable on a Secretary's resignation, under the FVRA, *see* 5 U.S.C. § 3345(a)(2)-(4), Executive Order (EO) 13753 governed which official would serve as Acting Secretary. *See* Pls.' Mot. for Prelim. Inj. 5 (Mot.), ECF No. 27.[1]

Thus, under Plaintiffs' own theory, when Mr. Wolf's nomination was submitted to the Senate, Peter T. Gaynor, the Senate-confirmed Administrator of the Federal Emergency Management Agency, became the President's designated Acting Secretary under the FVRA as the senior-most successor under EO 13753. On September 10, 2020, "out of an abundance of caution," Mr. Gaynor exercised "any authority" he might possess as Acting Secretary and designated an order of succession for the office under § 113(g)(2), which applies "[n]otwithstanding" the FVRA. *See* ECF No. 75-2 at 2. Under this order of succession, Mr. Wolf, as the Under Secretary for Strategy, Policy, and Plans, was the senior-most successor and immediately began serving as Acting Secretary under the HSA on September 10, 2020. These events are consistent with Plaintiffs' claim that the FVRA applies when there is no governing HSA order of succession. *See* Mot. 5; Pls.' Reply in

---

[1] EO 13753, in turn, sets the President's order of succession under the FVRA. *See* 5 U.S.C. § 3345(a)(2)-(3) (allowing the President to designate an acting official); *see also* Executive Order 13753, *Amending the Order of Succession in the Department of Homeland Security*, 81 Fed. Reg. 90667 (Dec. 9, 2016).

Supp. of Mot. 2, ECF No. 74. Plaintiffs' doubts about Mr. Wolf's earlier service are now gone: Mr. Gaynor's order permits Mr. Wolf's lawful service as Acting Secretary under Plaintiffs' own theory of succession.

## II. Acting Secretary Wolf Ratified the Proposed Rule and Final Rule on September 17, 2020.

As Acting Secretary under the HSA, based on Plaintiffs' theory, Mr. Wolf then ratified the Final Rule and the Proposed Rule that Mr. McAleenan issued. *See* ECF No. 80-1 at 4-6.[2] Though Mr. McAleenan and Mr. Wolf were lawfully serving under the HSA when they took the challenged actions, the ratification cures any alleged service-related defects in the challenged actions. The Ninth Circuit, "agree[ing] with the D.C. Circuit's approach," has held that a "subsequent valid appointment, coupled with … ratification, cures any initial" service-related defects in the challenged action. *Gordon*, 819 F.3d at 1191; *see also Guedes v. ATF*, 920 F.3d 1, 13 (D.C. Cir. 2019) (D.C. Circuit has "repeatedly held" that a "properly appointed official's ratification of an allegedly improper official's prior action … resolves the claim on the merits by 'remedy[ing] [the] defect' (if any) from the initial appointment" (alterations in original and citations omitted)). The "ratification purges any residual taint or prejudice … from the allegedly invalid appointment" based on an FVRA violation. *Guedes*, 920 F.3d at 13. Mr. Wolf's ratification thus cures any alleged defect as of the dates of those original actions.

Plaintiffs argue that Mr. McAleenan's issuance and Mr. Wolf's approval of the Rule "have no force or effect" under the FVRA, 5 U.S.C. § 3348(d)(1). *See* Reply 4. So Plaintiffs might argue that these actions "may not be ratified." 5 U.S.C. § 3348(d)(2).[3] That would be incorrect.

Section 3348(d) of the FVRA bars ratification of an action taken by an invalidly serving official only

---

[2] Plaintiffs suggest Mr. Gaynor's designation of a new order of succession is an impermissible "post-hoc" rationalization that fails to cure Defendants' alleged APA violations. *See* Pls.' Suppl. Br. 1-2 (citing *Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 539 (1981)), ECF No. 81. That is incorrect. Mr. Gaynor's order, standing alone, has no bearing on whether Mr. Wolf was lawfully serving when he approved the Final Rule. *See* Defs.' Resp. to *Amici* 2-3 n.2. If Plaintiffs argue that Mr. Wolf's ratification is also an impermissible "post-hoc" rationalization, that argument would fail. The ratification cures any defect in the rule related to Mr. Wolf's service; it does not relate to the agency's "reasons for its actions" under the APA. *Am. Textile*, 452 U.S. at 539. Neither Mr. Gaynor's order nor Acting Secretary Wolf's ratification supplies new reasons for the agency's rulemaking and relates solely to any service-related defects. Courts have "repeatedly held" that such ratifications are an acceptable method for validating prior agency action. *Guedes v. ATF*, 920 F.3d 1, 13 (D.C. Cir. 2019); *see also Gordon*, 819 F.3d at 1191.

[3] Alternatively, the FVRA's ratification bar may not apply at all to acting officials who serve under office-specific vacancy statutes–critically, those who serve under such statutes *do not* serve under the FVRA. *See Casa de Md., Inc. v. Wolf*, No. 8:20-CV-02118-PX, 2020 WL 5500165, at *17 (D. Md. Sept. 11, 2020) ("[N]owhere does this enforcement provision [§ 3348(d)] specify that it applies to those acting officials who serve pursuant to an exception to the FVRA–one of the agency-specific succession statutes.").

*Immigrant Legal Resource Center et al. v. Chad F. Wolf et al.*, No. 4:20-cv-5883-JSW
**Defs.' Supplemental Brief Regarding Notice of Ratification (ECF No. 80)** **Page 2**

when the official is "perform[ing] … a[] function or duty of a vacant office." But the FVRA narrowly defines "function or duty" in § 3348 as "any function or duty" of the office that is "established" by statute or regulation and "required" by such provision "to be performed by the applicable officer (and only that officer)." *Id.* § 3348(a)(2). It thus bars ratification of a limited class of actions that are, by statute or regulation, *exclusive* to the vacant office and not delegable. *See Guedes*, 920 F.3d at 12 (citing § 3348(d) as "only prohibiting the ratification of nondelegable duties"); *see also Schaghticoke Tribal Nation v. Norton*, No. 3:06CV81 PCD, 2007 WL 867987, at *12 (D. Conn. Mar. 19, 2007) ("Congress limited the 'functions and duties' that must be performed by the agency head to those that are required by statute or regulation to be performed exclusively by the official occupying that position." (citing 5 U.S.C. § 3348(a)(2))); Defs.' Resp. to *Amici* 13-14, ECF No.75.

Neither issuing the Proposed Rule nor approving the Final Rule was an action "in the performance of any function or duty" of the office of the Secretary because there is no statute or regulation limiting authority for those actions to the Secretary only. Rather, the relevant rulemaking authority can be exercised by other officials, and in fact the authority to issue and approve rules regarding immigration and naturalization benefits fees, fee waiver and exemption policies, forms, and fee structures is not only delegable, *see* 6 U.S.C. § 112(b)(1), but in fact has been *delegated* to the Deputy Secretary since 2003. *See* ECF No. 75-2 at 123, § II.G.[4] "[F]unction or duty" applies only to *non-delegable* functions made exclusive to a particular office by statute or regulation. *See Guedes*, 920 F.3d at 12; *United States v. Harris Cnty.*, No. 4:16-CV-2331, 2017 WL 7692396, at *3 n.5 (S.D. Tex. Apr. 26, 2017) (authorization of complaint by Principal Deputy Assistant Attorney General was not "function or duty" under FVRA because "the relevant duties of the [office] are delegable"). If a function or duty is lawfully delegable, then the statute or regulation creating that function or duty does not "require" it to be performed only by the vacant office.[5] The FVRA's ratification bar therefore does not apply here.

For all of these reasons, Acting Secretary Wolf's September 17, 2020 ratification provides an alternate ground for rejecting Plaintiffs' service-based arguments.

---

[4] Defendants' argument is therefore consistent with *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1 (D.D.C. 2020), which held that a "function or duty" covers only functions that *both* are assigned by statute or regulation to a particular office *and* have not been reassigned by "the department head … using his vesting-and-delegation authority or any other authority at least 180 days before the vacancy occurred." *Id.* at 34. The authority here was delegated long ago to at least the Deputy Secretary, removing it from the scope of *L.M.-M.*'s holding.

[5] Congress knows how to specify when certain authorities are to be exercised *only* by the Secretary of Homeland Security and are not to be further delegated. *See, e.g.*, 31 U.S.C. § 1344(d)(3).

| | |
|---|---|
| Dated: September 23, 2020 | Respectfully submitted,<br><br>JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General<br><br>BRIGHAM J. BOWEN<br>Assistant Branch Director<br>Federal Programs Branch<br><br>  /s/ *Julie Straus Harris*  <br>JULIE STRAUS HARRIS<br>DC Bar No. 1021298<br>Senior Trial Counsel<br>BRADLEY CRAIGMYLE (IL Bar No. 6326760)<br>CHARLES E. T. ROBERTS (PA Bar No. 326539)<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20530<br>Tel: (202) 353-7633<br>Fax: (202) 616-8470<br>Email: julie.strausharris@usdoj.gov<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

  */s/ Julie Straus Harris*  
  JULIE STRAUS HARRIS