1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

| IMMIGRANT LEGAL RESOURCE CENTER, et al., | Case No. 20-cv-05883-JSW |
|---|---|
| Plaintiffs, | **NOTICE OF ADDITIONAL QUESTIONS FOR HEARING** |
| v. | Re: Dkt. No. 27 |
| CHAD F. WOLF, et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING ADDITIONAL QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 25, 2020, AT 9:00 a.m.:

The Court reminds the parties that it has not received the full administrative record ("AR"), and it will address the stipulation filed regarding the manner in which the AR will be filed at the conclusion of the hearing.

During the hearing, the Court requests that the parties not cite the page numbers assigned to a document in the administrative record (e.g. "AR 447"). Rather, the parties shall refer to the pin cites in the Federal Register when they reference the NPRM or in the Final Rule and they shall refer to specific exhibits and the page numbers used in those exhibits.

The Court also does not wish to hear argument about the proper scope of the AR or argument about why exhibits were or were not submitted with the parties' briefing.

1.     Defendants dispute Plaintiffs' procedural argument that they failed to disclose the thinking and data behind the Final Rule. Is it Defendants' position that their thinking is that USCIS's financial situation required an increase in revenue to be able to ensure recovery of all

direct and indirect costs associated with adjudication and naturalization services? If so, what are Defendants' best citations to the record to support where the data for that thinking is located? When Defendants respond to this question, they shall cite to page citations in the record and clearly articulate the data points in those citations that support their position.

2. The NPRM and the Final Rule state that Defendants used the Activity-Based Costing method. What are Plaintiffs' best arguments that those references do not establish the method and assumptions USCIS used to promulgate the new fees?

3. Defendants note that the Final Rule sets a single fee for Form 1-193 and state that Customs and Border Protection ("CPB") adjudicates most filings" of those Forms. Final Rule, 85 Fed. Reg. at 46,840. Per 6 U.S.C. section 196(c), "Fees imposed for a particular service, application, or benefit shall be deposited into the account established under subsection (a) that is for the bureau with jurisdiction over the function to which the fee relates." Is there support in the record for the proposition that when CBP processes a Form I-193 it is performing adjudicative functions rather than enforcement functions?

4. How do Defendants respond to Plaintiffs' arguments that although the FDNS directorate may be housed within USCIS, its officers perform investigatory and enforcement services and that doing so runs counter to the idea that FDNS employees are providing "adjudicatory" services? (See Reply Br. at 12:2-10.)

**IT IS SO ORDERED.**

Dated: September 24, 2020

_____
JEFFREY S. WHITE
United States District Judge

2