JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
JULIE STRAUS HARRIS (DC Bar No. 1021928)
Senior Trial Counsel
CHARLES E.T. ROBERTS (PA Bar No. 326539)
BRADLEY CRAIGMYLE (IL Bar No. 6326760)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Phone: (202) 616-8101
Fax: (202) 616-8470
Email: bradley.t.craigmyle@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IMMIGRANT LEGAL RESOURCE CENTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, *et al.*,<br><br>Defendants. | Case No. 4:20-cv-5883-JSW<br><br>**NOTICE OF CORRECTION** |

1  Defendants respectfully notify Plaintiffs and the Court of an apparent inadvertent factual inaccuracy regarding the ratification of the Proposed Rule, USCIS Fee Schedule & Changes to Certain Other Immigration Benefit Request Requirements, 84 Fed. Reg. 62,280, 62,282 (Nov. 14, 2019), and the Final Rule, USCIS Fee Schedule & Changes to Certain Other Immigration Benefit Request Requirements, 85 Fed. Reg. 46,788, 46,790-792 (Aug. 3, 2020) ("Final Rule" or "Rule"), made in their Memorandum of Points and Authorities in Response to Briefs of *Amici Curiae* in Support of Plaintiffs' Motion for Preliminary Injunction ("Defs.' Amici Br."), ECF No. 75, and Supplemental Brief Regarding Notice of Ratification, ECF No. 80 ("Defs.' Suppl. Br."), ECF No. 86.

As the basis for Defendants' ratification argument, *see* Defs.' Suppl. Br. 1-2, Defendants explained that, in the event that Chad F. Wolf had not been properly designated Acting Secretary of Homeland Secretary in the first instance, then under Plaintiffs' theory, "when Mr. Wolf's nomination" to serve as Secretary of Homeland Security was submitted to the Senate on September 10, 2020, Federal Emergency Management Agency (FEMA) Administrator Peter Gaynor "became the President's designated Acting Secretary under the FVRA as the senior-most successor under [Executive Order] 13753," *id.* at 1; *see also* Defs.' Amici Br. 2 n.2. Defendants further explained that on that same day, "'out of an abundance of caution,' Mr. Gaynor exercised 'any authority' he might possess as Acting Secretary" under the FVRA and Executive Order 13753 and "designated an order of succession for the office under [6 U.S.C.] § 113(g)(2)." Defs.' Suppl. Br. 1; *see also* ECF No. 80-1.

Late on the evening of Thursday, November 12, 2020, however, the Department of Homeland Security ("DHS") conveyed to the Department of Justice that it had learned that FEMA records indicate that Mr. Gaynor's September 10, 2020 succession order may have been signed approximately one hour before Mr. Wolf's nomination was formally submitted to the Senate. Department of Justice counsel immediately sought to verify the facts regarding the precise timing of events. After reviewing records from FEMA and the United States Senate, it appears that the September 10, 2020 succession order signed by FEMA Administrator Peter Gaynor was likely signed approximately one hour before the Senate received the formal submission of Mr. Wolf's nomination that same day. At a minimum, counsel for Defendants cannot confirm that the September 10, 2020 succession order was signed *after* the submission of Mr. Wolf's nomination.

1    The precise timing of events on September 10, 2020, however, has no legal effect on the merits of Defendants' ratification arguments because, out of an abundance of caution, on November 14, 2020, Mr. Gaynor once more exercised any authority he may have as Acting Secretary under Executive Order 13753 and designated an order of succession under 6 U.S.C. § 113(g)(2).  *See* Order Designating the Order of Succession for the Secretary of Homeland Security (Nov. 14, 2020), *available at* https://www.dhs.gov/sites/default/files/publications/20_1114_gaynor-order.pdf.  Under the November 14, 2020 succession order, Mr. Wolf, as the Senate-confirmed Under Secretary for Strategy, Policy, and Plans, is the senior-most official in the line of succession and would have begun serving as Acting Secretary upon the issuance of the order.  Thus, even if Plaintiffs are correct that the order of succession for the office of the Secretary continued to be governed by the Federal Vacancies Reform Act and Executive Order 13753 after the issuance of Secretary Nielsen's April 9, 2019 order and even if Mr. Gaynor's September 10, 2020 succession order was invalid due its timing, Mr. Wolf would be the valid Acting Secretary pursuant to Mr. Gaynor's November 14, 2020 succession order.  And on November 16, 2020, Mr. Wolf ratified all of his prior delegable actions from November 13, 2019 to November 14, 2020 and certain actions taken by former Acting Secretary Kevin McAleenan, thereby ratifying the Proposed Rule and Final Rule once more.  *See* Ratification of Actions Taken by the Acting Secretary of Homeland Security (Nov. 16, 2020), *available at* https://www.dhs.gov/sites/default/files/publications/20_1116_as1-global-ratification.pdf; Ratification of Certain Actions Taken by Former Acting Secretary Kevin McAleenan and One Action Taken by Joseph Edlow (Nov. 16, 2020), *available at* https://www.dhs.gov/sites/default/files/publications/20_1116_ratification-of-mcaleenan-edlow-actions.pdf.  Accordingly, regardless of the validity of the September 10, 2020 succession order, the Proposed Rule and Final Rule have been validly ratified.[1]

---

[1] In any event, under the plain language of the FVRA, Mr. Gaynor's September 10, 2020 succession order was validly issued, even if signed an hour before, because it was still signed on the same day as the submission of Mr. Wolf's nomination.  The statutory provision that allows for acting service during the pendency of a nomination, 5 U.S.C. § 3346(a)(2), provides that an acting official may serve "once a first or second nomination for the office is submitted to the Senate, *from the date* of such nomination for the period that the nomination is pending in the Senate."  In other words, once Mr. Wolf's nomination was submitted on September 10, 2020, Mr. Gaynor would have been permitted to serve as Acting Secretary "from th[at] date,"— *i.e.*, from September 10, 2020—while Mr. Wolf's nomination is pending before the Senate.  And consistent with the long-established rule that unless required by "substantial justice," a governmental action is deemed effective from the first moment of the day in which it was enacted regardless of the precise time it was actually enacted, under § 3346(a)(2), Mr. Gaynor had the authority to issue the succession order from the first moment

| | |
|---|---|
| Dated: November 18, 2020 | Respectfully submitted, |
| | JEFFREY BOSSERT CLARK |
| | Acting Assistant Attorney General |
| | |
| | BRIGHAM J. BOWEN |
| | Assistant Branch Director |
| | Federal Programs Branch |
| | |
| | JULIE STRAUS HARRIS |
| | DC Bar No. 1021298 |
| | Senior Trial Counsel |
| | |
| | /s/ Bradley Craigmyle |
| | BRADLEY CRAIGMYLE (IL Bar No. 6326760) |
| | CHARLES E.T. ROBERTS (PA Bar No. 326539) |
| | Trial Attorneys |
| | U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 1100 L Street NW |
| | Washington, DC 20530 |
| | Phone: (202) 616-8101 |
| | Fax: (202) 616-8470 |
| | Email: bradley.t.craigmyle@usdoj.gov |
| | |
| | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of November, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Bradley Craigmyle*
　　　　　　　　　　　　　　　　　　　　　　　　　　　BRADLEY CRAIGMYLE

---

of September 10, 2020. *See, e.g.*, *Taylor v. Brown*, 147 U.S. 640, 645 (1893); *see also United States v. Norton*, 97 U.S. 164, 170 (1877) (proclamation "covers all the transactions" of date it was enacted); *Lapeyre v. United States*, 84 U.S. 191, 198 (1872) (statute "becomes effectual upon the day of its [enactment] date. In such cases it is operative from the first moment of that day").